John G. LaMORTE

v.

**PENN CENTRAL TRANSPORTATION COMPANY, Appellant.**

No. 19246.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Sept. 27, 1971.

Decided Oct. 18, 1971.

David G. Eynon, Farrell, Freeman, Eynon & Munyon, Haddonfield, N. J., for appellant.

B. Nathaniel Richter, Richter, Syken, Ross, Binder & O'Neill, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

A jury trial in this personal injury suit under the Federal Employers' Liability Act resulted in a verdict and a judgment for the plaintiff in the amount of $75,000.

On this appeal the employer complains that the district court permitted a medical expert to testify despite the fact that the plaintiff had not identified this witness in either his original or a supplementary answer to an interrogatory that asked for the identification of expert witnesses. Though such an omission can result in proper judicial refusal to permit the expert to testify, in all of the circumstances of this case we have concluded that it was not reversible error to admit the doctor's testimony.

It is also argued that the evidence and the charge concerning the present worth of any loss of future earnings were so deficient as to make any award for this element of damage sheer conjecture. Our examination of the evidence, including actuarial testimony, and the court's instructions satisfies us that the jury was sufficiently informed and guided on this aspect of its responsibility to provide a basis for a reasoned and acceptable determination of damages.

The judgment will be affirmed.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.